St. Louis Southwestern Railway Company v. Jones.

Opinion delivered April 4, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict based upon conflicting evidence is conclusive upon appeal.

2. APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.— Refusal to grant service of a summons is not reviewable on appeal where it was not assigned as error in the motion for new trial.

3. APPEAL AND ERROR—NECESSITY OF SPECIFIC OBJECTION.—In an action by an employee for injuries received while loading ice into a car, where it was a question whose negligence caused the fall of ice and the injury therefrom, an instruction that, before the jury could find for plaintiff, they must find that a fellow servant on top of the car negligently let the ice fall, to which only a general objection was made, cannot be objected to on appeal for not requiring that plaintiff should have exercised ordinary care.

4. APPEAL AND ERROR—HARMLESS ERROR—MODIFICATION OF INSTRUCTION.—It was not prejudicial error to strike out a portion of a requested instruction which was fully covered by the remainder of the instruction which was given.

Appeal from Miller Circuit Court; *James H. McCollum*, Judge; affirmed.

*T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *E. E. Godwin*, for appellant.

*J. M. Carter* and *B. E. Carter*, for appellee.

SMITH, J. Appellee brought suit in the Miller Circuit Court against the St. Louis Southwestern Railway Company of Texas to recover damages to compensate an injury sustained by him in the State of Texas while employed by the defendant railroad company. He alleged, and offered testimony tending to show, that, while in the discharge of his duties as a coach cleaner,

he was assisting another employee in loading ice into a dining-car. The method employed was for appellee, while standing on the ground, to pitch pieces of ice to the other employee, who stood on top of the car. The employee on the car negligently allowed one of the pieces of ice so pitched to fall from the top of the car as appellee was getting another piece of ice from his truck, and the piece of ice so allowed to fall struck the forefinger on appellee's left hand and injured it so severely that its amputation became necessary. Appellee recovered a judgment which is not assailed as being excessive if the railroad company is liable at all in this action, and this appeal is prosecuted to reverse that judgment.

Appellee's injury occurred in Texarkana, just across the State line, in the State of Texas, and this suit was begun by service had on both the baggage agent and the ticket agent of the railroad company in the city of Texarkana, the offices of these employees being on the State line, that of the baggage agent in Arkansas and that of the ticket agent in Texas.

A motion was filed to quash the service upon the ground that the defendant railroad is a foreign corporation organized under the laws of the State of Texas, and does not engage in any business in the State of Arkansas, and has no agent in this State upon whom service of process can be had. Testimony was offered tending to support these allegations, but the trial court overruled the motion to quash the service.

Reserving this question in its answer, the defendant railroad company alleged that appellee's injury was occasioned by his own negligence, and denied that it was guilty of any negligence. Testimony offered in support of these allegations was to the effect that appellee pitched a block of ice, which slipped from his hand and struck the eave of the car, and, falling back, struck appellee's hand.

The question of fact in the case is whether appellee's own negligence caused the injury, or whether it was caused by the negligence of the employee on top of the

car.   The evidence was in irreconcilable conflict on this question, and the verdict of the jury in appellee's favor is conclusive of this conflict.

The action of the court in refusing to quash the service of summons was not assigned as error in the motion for a new trial, and, this being true, the correctness of that ruling is not presented to us for review.

In the case of *Prairie Creek Coal Mining Co.* v. *Kittrell,* 106 Ark. 138, 153 S. W. 189, it was said: "The appellant also assigns as error the rulings of the court in refusing to grant its motion to quash the service, and in refusing to grant motions to have the complaint made more specific, and to strike out certain portions thereof. These assignments are the proper subjects for bills of exceptions, and they are not made grounds of the motion for a new trial, and hence we cannot review them" (citing cases).

The court gave, at appellee's request, an instruction numbered 1, reading as follows:

"If the jury find from the evidence that plaintiff, Tom Jones, was in the employ of the defendant railroad, and that he was in the discharge of his duties in such employment, loading ice into a dining-car of the defendant, which car was to be used in one of the defendant's trains which carried interstate passengers, and that another employee of defendant negligently let fall a piece of ice from the top of the car, which ice struck and injured plaintiff, then you will find for the plaintiff."

Only a general objection to this instruction was made at the trial, and it is now insisted that the instruction was erroneous in that it did not require the jury to find, before returning a verdict in appellee's favor, that appellee was in the exercise of ordinary care for his own safety at the time of his injury.

This is an objection which we think should have been specifically made at the trial, and especially so in view of the issue of fact here joined.   The question of fact in the case is, "Whose negligence was responsible for

the falling of the piece of ice?" It is not contended that there was concurring negligence, and the instruction required the jury to find that the employee on top of the car negligently let the piece of ice fall before returning a verdict in appellee's favor.

The court, after correctly defining negligence, gave, at the request of the defendant railroad company, an instruction which told the jury that there could be no finding for the plaintiff unless he had proved, by a preponderance of the evidence, "first, that the defendant's servant on top of the car actually caught the piece of ice alleged to have been thrown up to him by the plaintiff, and, second, that, after catching it, the said servant on top of the car negligently let the said piece of ice fall out of his hands and on to the plaintiff's hand." This instruction fully and fairly submitted the issue of fact to the jury. The instruction as requested contained a third essential for the jury to find before returning a verdict for the plaintiff, which reads as follows: "and, third, that such piece of ice fell out of the hands of the servant on top of the car, if it did fall out of his hands, as a result of negligence on the part of such servant." An exception was saved to the action of the court in striking out the language last quoted, and it is argued that the requirement there stated should also have been imposed. We think there was no prejudicial error in striking out this third condition, for the reason that it was substantially covered in the other two conditions stated as essential to a recovery which were given by the court.

We think the instructions as a whole fully presented the issue of fact to the jury, and correctly declared the law applicable thereto, and, as no other errors are assigned except those herein discussed, the judgment must be affirmed, and it is so ordered.